J-S01009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA ISAAC PAYNE | : | |
| | : | |
| Appellant | : | No. 1140 WDA 2022 |

Appeal from the Order Entered September 14, 2020
In the Court of Common Pleas of Forest County Criminal Division at
No(s):  CP-27-CR-0000046-2008

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.:               **FILED: APRIL 3, 2023**

Appellant, Joshua Isaac Payne, appeals *pro se* and *nunc pro tunc* from the post-conviction court's September 14, 2020 order denying, as untimely, his first petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The facts of Appellant's convictions are unnecessary to our disposition of his instant appeal.  We need only note that, on February 25, 2009, Appellant pled guilty to terroristic threats.  He was sentenced that same day to a term of 15 months' to five years' incarceration, to run consecutively to a sentence Appellant was already serving in another, unrelated case.  Appellant did not file a direct appeal.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On August 7, 2020, Appellant filed his first, *pro se* PCRA petition. Therein, he alleged that his trial counsel was ineffective for failing to request a competency hearing or present evidence concerning Appellant's alleged mental disorders, and for failing to "raise a diminished capacity" defense at the time of Appellant's plea and sentencing. **See** PCRA Petition, 8/7/20, at 3. Counsel was appointed but, rather than filing an amended petition, counsel filed a **Turner/Finley** 'no-merit' letter and a petition to withdraw.[1] Counsel concluded that Appellant's petition was untimely, and he could not meet a timeliness exception because he was aware of his mental health diagnosis in 2013, yet he did not file his PCRA petition until 2020.

On August 25, 2020, the court granted counsel's petition to withdraw and issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant filed a *pro se* response, but on September 14, 2020, the PCRA court issued an order dismissing his petition as untimely.

On January 29, 2021, Appellant filed a *pro se* notice of appeal. That appeal, docketed at No. 139 WDA 2021, was ultimately quashed, as untimely, by a panel of this Court on August 18, 2021. **See Commonwealth v. Payne**, No. 139 WDA 2021, unpublished memorandum at *5 (Pa. Super. filed Aug. 8, 2021). In that decision, we noted that although Appellant's handwritten

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

certificate of service attached to his notice of appeal bore a date of September 20, 2020, the postage mark stated January 26, 2021. Because Appellant failed to present any evidence that his appeal was timely turned over to prison authorities for mailing, we found that quashal was appropriate. ***See id.*** at *4-5; ***see also*** Pa.R.A.P. 121(f) ("A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence.").

On July 11, 2022, Appellant filed a second, *pro se* PCRA petition seeking the restoration of his right to appeal from the denial of his first petition. Appellant stated that he obtained a cash slip showing he delivered his prior notice of appeal to prison authorities on September 20, 2020, but the prison had informed him, on November 9, 2021, that the mailroom lost that notice of appeal, and it was not mailed until January of 2021.

On July 18, 2022, the PCRA court issued an order and opinion granting Appellant's petition. However, rather than reinstating Appellant's right to appeal from its September 14, 2020 order, the court directed that the trial court docket be corrected to show that the prior appeal was timely filed, and ordered the record to be transmitted back to this Court for our consideration. The Forest County Clerk of Court complied with this order and transmitted the prior notice of appeal, docketed at No. 139 WDA 2021, to this Court, along

with the certified record. This "new" appeal was then docketed at No. 830 WDA 2022.

On August 30, 2022, our Court issued a Rule to Show Cause Order (which was forwarded to the PCRA court), directing Appellant to show cause why his appeal at No. 830 WDA 2022 should not be dismissed as duplicative of the previously quashed appeal at No. 139 WDA 2021. On September 8, 2022, the PCRA court filed a response simply reiterating what it had done in its July 18, 2022 order.

Nonetheless, because the appeal at No. 830 WDA 2022 was not initiated by a new notice of appeal, and because this Court's decision at No. 139 WDA 2021 could not be modified, **see** 42 Pa.C.S. § 5505 (stating that dispositional orders may be modified within 30 days), this Court entered an order on September 23, 2022, quashing the appeal at No. 830 WDA 2022. However, because it was clear that Appellant was granted relief in the court's July 18, 2022 order, this Court permitted Appellant, in compliance with Pa.R.Crim.P. 907,[2] to file a new notice of appeal within 30 days. The order directed that, once we received Appellant's new notice of appeal, all filings at No. 830 WDA 2022 would be transferred to the new appeal, at which time the briefing schedule would be reinstated. On September 30, 2022, Appellant filed a *pro se* notice of appeal, which was docketed at the present No. 1140 WDA 2022.

---

[2] "When the disposition granting a petition reinstates a defendant's direct appeal rights *nunc pro tunc*, the judge must advise the defendant by certified mail, return receipt requested[,] that **a new notice of appeal must be filed** within 30 days of the order." Pa.R.Crim.P. 907 cmt. (emphasis added).

In this appeal, Appellant states two issues for our review:

1. Did Appellant meet the exception to the PCRA time-bar under 42 Pa.C.S. § 9545(a)(1)(ii)?

2. Did the [PCRA] court err in finding that … Appellant's PCRA petition was untimely and time-barred?

Appellant's Brief at 1 (unnecessary capitalization omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[3]

Here, Appellant's judgment of sentence became final in 2009, and thus, his petition filed in August of 2020 is patently untimely. For this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant claims that he meets the newly-discovered-facts exception of section 9545(b)(1)(ii). Initially, we note that Appellant never raised, in his *pro se* PCRA petition, any claim that his petition satisfies this, or any other, timeliness exception. Instead, he averred only that his trial counsel was ineffective for not requesting a competency hearing, not presenting mental health records or a mental health expert to establish Appellant's "mental

---

[3] A recent amendment to section 9545(b)(2), which became effective on December 24, 2018, changed the language to require that a petition "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). That amendment applies to any claims arising on or after December 24, 2017.

- 6 -

disorders at the time of [the] offense and plea," and/or for failing "to raise a diminished capacity [defense] at [Appellant's] plea and sentencing." PCRA Petition, 8/7/20, at 3. Thus, because Appellant never presented to the PCRA court his claim that his petition meets a timeliness exception, that argument is waived for our review. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

In any event, even if not waived, we would conclude that Appellant has not established that the exception of section 9545(b)(1)(ii) applies to the claims asserted in his petition. Essentially, Appellant insists that he was incompetent at the time he entered his guilty plea, and that his trial counsel should have challenged his competency to enter that plea, and/or raised a diminished capacity defense on Appellant's behalf. According to Appellant, he "has a long history of mental health disorders…." Appellant's Brief at 5. He claims that he "told the lower court and his court[-]appointed attorney that he suffers from some mental health disorders[,]" and that he informed "them he wasn't in the right frame of mind[,]" but "they all turned a blind[] eye to him." *Id.* Relying on *Commonwealth v. Cruz*, 852 A.2d 287 (Pa. 2004), Appellant contends that "a [p]etitioner's alleged mental incompetency … may trigger the 'after-discovered' evidence exception to the PCRA time-bar." *Id.* at 8.

Appellant's argument is unconvincing. In *Cruz*, the defendant was "lobotomized" as a result of a self-inflicted gunshot wound, and was unable to even discuss the facts of his case with his attorney at the time he pled *nolo*

*contendere* to certain charges. ***Cruz***, 852 A.2d at 288. Nevertheless, the trial court did not conduct any investigation into Cruz's competency, and it accepted his *nolo contendere* plea. ***Id.*** Six years later, Cruz filed a PCRA petition, asserting that he was incompetent at the time of his plea. ***Id.*** at 290. Cruz averred that "it was only within six months of the filing of his *pro se* PCRA petition that [he] 'returned' to a level of comprehension necessary to exercise his rights under the PCRA." ***Id.*** at 291. He argued that, "[u]ntil that time, … the facts that formed the basis for [his] substantive claims were unknown to him in that they were not remembered or able to be applied in any meaningful way." ***Id.*** (internal quotation marks omitted). Accordingly, Cruz claimed that he met the newly-discovered-fact exception of section 9545(b)(1)(ii). ***Id.***

The PCRA court rejected Cruz's arguments and concluded that his petition was untimely. ***Id.*** at 291. This Court affirmed. ***Id.*** Our Supreme Court, however, vacated our decision and remanded for an evidentiary hearing on whether Cruz could meet the newly-discovered-fact exception. Importantly, the Court reasoned, *inter alia*, that "there currently is no record basis upon which [it could] definitively determine if and when [Cruz] passed from incompetence to competence, if such is what happened, and thus, whether his *pro se* petition was timely filed within 60 days of his becoming competent." ***Id.*** at 296.[4]

---

[4] Until 2018, section 9545(b)(2) required a claim be raised within 60 days of the date the claim could have been presented.

Here, in contrast to *Cruz*, Appellant does not suggest that he only became competent shortly before filing his PCRA petition, and that his alleged incompetency prior to that prevented him from pursuing a timely, post-conviction challenge to his competency to enter his plea. Indeed, Appellant implies that he has been aware of his alleged incompetency since the time he entered his guilty plea, asserting that he raised this issue with the court and his counsel to no avail. *See* Appellant's Brief at 5. He further states that he has "been trying to obtain his mental health records from the Department of Corrections for many years[,]" indicating that he was aware of his potential incompetency claim well before he filed his present petition in 2020. *Id.* at 8. This conclusion is supported by PCRA counsel's 'no-merit' letter, in which counsel stated that Appellant "acknowledge[d] requesting transcripts in 2017 for [his] guilty plea, and being aware of [his] mental health diagnosis in 2013." *Turner/Finley* 'No-Merit' Letter, 8/24/20, at 3. Counsel concluded that, "[u]tilizing due diligence, [Appellant] would have known about [his] alleged mental health disorder in 2013, and [he] would have had sixty days to file [a PCRA petition] based on the new diagnosis."

We agree. Based on this record, Appellant has failed to demonstrate that he only learned of his alleged incompetency issue within one year of the date he filed his present, *pro se* petition. Instead, Appellant's own argument shows that he knew, and raised, his incompetency claim at the time he pled guilty. He was clearly aware, at that time, that his attorney and the court ignored his alleged incompetency and, therefore, he could have raised his trial

counsel ineffectiveness claims earlier than nearly a decade after his plea was entered. Consequently, even if preserved, we would conclude that Appellant failed to meet the timeliness exception of section 9545(b)(1)(ii), and the PCRA court properly dismissed his untimely petition.

      Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/3/2023